## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**CRYSTAL ADAMS**,                                             Case No.:

      Plaintiff,

      v.

**FRESENIUS KIDNEY CARE AMERICAN
DIALYSIS, LLC,**

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, CRYSTAL ADAMS ("Plaintiff" and/ or "ADAMS"), by and through undersigned counsel, sues Defendant, FRESENIUS KIDNEY CARE AMERICAN DIALYSIS, LLC (hereinafter "Defendant" and/or "FRESENIUS"), and alleges as follows:

## NATURE OF ACTION

1. This action is brought under 42 U.S.C. § 1981; Americans with Disabilities Act (ADA); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination and discharge from employment.

## JURIDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) 42 U.S.C. § 1981; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

3. The Southern District of Florida, Miami-Dade Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/ or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. Plaintiff is an individual residing in Miami, Florida

6. Plaintiff is and was a resident of Miami-Dade County, Florida for all times relevant to this action.

7. At all times relevant to this action, Plaintiff was an employee of Defendant.

8. Defendant is a For Profit Corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

## STATEMENT OF FACTS

9. Plaintiff brings forth this action in Federal Court pursuant to ADA, Title VII and FCRA.

10. Plaintiff is a Black woman and identifies herself as such.

11. On or about April 23, 2018, Defendant FRESENIUS hired Plaintiff ADAMS as a Patient Care Technician I (hereinafter referred to as "PCT").

12. As a PCT, Defendant FRESENIUS required PCTs to work sixteen (16) hour shifts, these shifts consist of the lifting and moving of patients.

13. Plaintiff ADAMS successfully passed Defendant FRESENIUS 90-day probationary period without issue.

14. After six (6) months, Plaintiff ADAMS received satisfactory scores on six-month employment review.

15. Over the course of Plaintiff's employment, Defendant's supervisor Ivonne Ramirez (hereinafter referred to as "RAMIREZ") made comments about Plaintiff ADAMS' race.

16. At all relevant times, Defendant's RAMIREZ is a white Hispanic woman and identifies herself as such.

17. At all relevant times, Plaintiff ADAMS objected to Defendant's RAMIREZ'S discriminatory comments and conduct.

18. In or around November 2018, Defendant's RAMIREZ gave Black and African American employees unfavorable schedules. Defendant's RAMIREZ gave Hispanic employees favorable schedules.

19. At all relevant times, Defendant's RAMIREZ intentionally mistreated her African-American employees.

20. At all relevant times, Defendant's RAMIREZ gave unfavorable job duties to Black/African American employees and favorable assignments to Defendant's Hispanic employees.

21. At all relevant times, Defendant's RAMIREZ showed preferential treatment to Defendant's Hispanic employees.

22. By way of example, Defendant's RAMIREZ would penalize African American employees for being five minutes late but would not reprimand Hispanic employees for being late and for not showing up for their scheduled shifts.

23. Defendant's RAMIREZ terminated a significant amount of Black/ African American employees for minor infractions.

24. On or about January 8, 2019, Plaintiff ADAMS informed Defendant's RAMIREZ that she was five (5) weeks pregnant.

25. Plaintiff ADAMS suffered breakthrough bleeding, the bleeding endangered hers and the life of her unborn child.

26. On or about January 19, 2019, Plaintiff ADAMS' Obstetrician gave Plaintiff ADAMS limitations upon return to working at Defendant.  Plaintiff ADAMS' limitations included not standing for extended periods of time, and restrictions on heavy lifting and pushing.

27. On or about January 19, 2019, Plaintiff ADAMS provided Defendant's RAMIREZ with supporting documentation regarding her physical limitations.

28. On or about January 19, 2019, Defendant's RAMIREZ denied Plaintiff ADAMS each of her limitation requests.

29. Defendant's RAMIREZ classified Plaintiff ADAMS as being lazy after Plaintiff ADAMS admitted that she was pregnant.

30. On or about March 5, 2019, Plaintiff ADAMS requested a six (6) hour reduction in her schedule, from sixteen (16) hours a day to ten (10) hours a day.

31. On or about March 5, 2019, Defendant's RAMIREZ denied Plaintiff ADAMS' request to reduce her daily schedule from sixteen (16) hours a day, to ten (10) hours a day.

32. At all relevant times, Defendant's RAMIREZ accommodated a pregnant Hispanic employee's request for reduction of hours without issue.

33. Defendant's RAMIREZ required Plaintiff ADAMS to work longer days and weekends to complete all associated job duties.

34. On or about March 6, 2019, Plaintiff ADAMS complained to Defendant's Human Resource Manager about RAMIREZ'S discriminatory conduct and requested that something was done to alleviate Plaintiff ADAMS' hostile work environment.

35. As a result of Plaintiff ADAMS' complaint, Defendant's RAMIREZ became hostile and began mistreating Plaintiff ADAMS.

36. As a result of Plaintiff ADAMS' complaints, Defendant's RAMIREZ reduced Plaintiff ADAMS from forty (40) hours per week to eighteen (18) hours per week.

37. As a result of Plaintiff ADAMS' complaints to the corporate office, Plaintiff ADAMS is no longer considered a fulltime employee and is now a part time employee and lost the benefits associated with full time employment.

38. As a result of Plaintiff ADAMS' complaints, Plaintiff ADAMS was in fear of termination of her employment as it was her primary source of income and health insurance for her and her unborn child.

39. At all relevant times, Defendant subjected Plaintiff ADAMS to a hostile work environment as a result of her complaints of discrimination.

40. At all relevant times, Claimant ADAMS intended to take advantage of her right to Family and Medical Leave Act (hereinafter referred to as "FMLA").

41. As a result of Plaintiff ADAMS' complaints and the retaliatory conduct of reducing her hours, Plaintiff ADAMS feared she would no longer be entitled to FMLA.

42. At all relevant times, Plaintiff ADAMS requested days off to attend her scheduled appoints with her obstetrician. Plaintiff ADAMS sent text messages to Defendant's RAMIREZ and Defendant's Shonka Jackson (hereinafter referred to as "JACKSON").

43. Plaintiff ADAMS requested days off, giving Defendant's RAMIREZ and JACKSON two weeks' notice.

44. Despite Plaintiff ADAMS' timely requests, Defendant's RAMIREZ scheduled Plaintiff ADAMS on the days Plaintiff ADAMS requested off.

45. On more than one occasion, Defendant's RAMIREZ informed Plaintiff ADAMS in the presence of Defendant's employees, that Plaintiff ADAMS' requests would not be accommodated.

46. Plaintiff ADAMS again complained to Defendant's Human Resource officer, Ms. Brenda Sanders (hereinafter referred to as "SANDERS").

47. Defendant's SANDERS requested Plaintiff ADAMS send all relevant documentation and evidence of the discriminatory conduct and promised to correct the issues Plaintiff ADAMS complained of.

48. Defendant's SANDERS explained that a member from Defendant's Upper Management team would do a site visit to follow up on the complaints.

49. In or around March 2019, Defendant's JACKSON stated that there was no issue with Plaintiff ADAMS' request and found that there was no issue with Plaintiff ADAMS request and any accommodation would not be a problem.

50. As a result of Plaintiff ADAMS' complaints, Defendant issued a write up to Plaintiff ADAMS for "PROVOKING" Defendant's RAMIREZ.

51. In or around March 2019, Defendant's JACKSON offered Plaintiff ADAMS a transfer to another of Defendant's Centers. Plaintiff ADAMS rejected Defendant's offer to transfer work sites.

52. Defendant's RAMIREZ berated Plaintiff ADAMS regularly. Plaintiff ADAMS continued to work despite the hostile work environment.

53. As a result of the constant harassment and the negative effects on her pregnancy, Plaintiff ADAMES applied for FMLA.

54. As a result of the discriminatory conduct and Defendant's RAMIREZ'S retaliation, Plaintiff ADAMS took FMLA one month earlier than expected.

55. On or about June 7, 2019, Plaintiff ADAMS filed an EEOC Charge of discrimination against the Defendant.

56. On or about October 10, 2019, Plaintiff ADAMS received the Notice of Suit Rights from the FCHR.

57. Plaintiff ADAMS claims constructive discharge in retaliation for complaints about discrimination.

58. Defendant discriminated against Plaintiff on the basis of Plaintiff's pregnancy. Defendants retaliated against Plaintiff for Plaintiff's complaints of discrimination. Further, Defendants interfered with and retaliated against Plaintiff for attempting to exercise Plaintiff's protected right under the ADA and to intermittent FMLA leave.

59. That as a result of Defendant's conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

60. Plaintiff ADAMS went into premature labor as a result of the stressful environment created by Defendant and Defendant's RAMIREZ.

61. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct.

62. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

63. As a result of the acts and conduct complained of herein, Plaintiff ADAMS has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff ADAMS has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and

other non-pecuniary losses. Plaintiff ADAMS further experienced severe emotional and physical distress.

64. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

65. As a result of the above, Plaintiff ADAMS has been damaged in an amount in excess of the jurisdictional limits of all lower Courts.

66. Defendant's conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law.  As such, Plaintiff ADAMS demands Punitive Damages as against Defendant.

67. The above are just some of the examples of the discrimination and retaliation to which Defendant subjected Plaintiff.

**AS A FIRST CAUSE OF ACTION**
**DISCRIMINAT0ION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**

68. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 67 and further alleges as follows.

69. Plaintiff ADAMS claims FRESENIUS violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

70. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

71. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate

against a qualified individual on the basis of disability' includes ... (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

72. Defendant's RAMIREZ became increasingly aggressive towards Plaintiff ADAMS after the announcement of her pregnancy.

73. Defendant's RAMIREZ continuously yelled at and berated Plaintiff ADAMS as a result of her pregnancy.

74. Defendant RAMIREZ failed to accommodate Plaintiff ADAMS' limitations as requested by Plaintiff ADAMS with supporting documentation from her obstetrician.

75. Defendant RAMIREZ subject Plaintiff ADAMS to a hostile work environment as a result of her pregnancy.

76. FRESENIUS violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's pregnancy.

77. Defendant FRESENIUS violated the above and Plaintiff ADAMS suffered numerous damages as a result.

   **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

   a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

   b. Issue an order prohibiting further discrimination;

   c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

**AS A SECOND CAUSE OF ACTION**
**RETALIATION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**

78. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 67 and further alleges as follows.

79. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

80. Plaintiff ADAMS informed Defendant and Defendant's RAMIREZ of her pregnancy very early in her pregnancy.

81. Plaintiff ADAMS suffered complications very early in her pregnancy. Plaintiff ADAMS notified Defendant of the complications.

82. Defendant's RAMIREZ made numerous attempts to make Plaintiff ADAMS very uncomfortable and told her that she nor Defendant could make accommodations as Plaintiff ADAMS requested.

83. Defendant's RAMIREZ reduced Plaintiff ADAMS' hours so significantly making her a part time employee.

84. Plaintiff ADAMS objected to Defendant's RAMIREZ'S attempts to remove her from her full-time position to a part time position.

85. Plaintiff ADAMS made numerous complaints to Defendant's Human Resources Office about the discriminatory practices and comments as a result of her pregnancy.

86. Defendant FRESENIUS violated the above and Plaintiff suffered numerous damages as a result.

WHEREFORE, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRD CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT UNDER
## THE AMERICANS WITH DISABILITIES ACT

87. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 67 above.

88. Defendant and RAMIREZ subjected Plaintiff ADMAS to harassment and the harassment was motivated by Plaintiff ADAMS' pregnancy.

89. Defendant and RAMIREZ treated Plaintiff ADAMS harshly because of her pregnancy.

90. Defendant's RAMIREZ often yelled at and berated Plaintiff ADAMS in the presence of other employees because of Plaintiff ADAMS pregnancy and as a result of her complaints of disability discrimination.

91. Defendant and RAMIREZ'S discriminatory comments and conduct was not welcomed by Plaintiff ADAMS.

92. The conduct was so severe and pervasive that a reasonable person in Plaintiff ADAMS position would find Plaintiff ADAMS' work environment to be hostile or abusive.

93. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

   **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

   a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

   b. Issue an order prohibiting further discrimination;

   c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

   d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

**<u>AS A FOURTH CAUSE OF ACTION</u>**

**<u>RACIAL DISCRIMINATION AND HARASSMENT § 1981</u>**

94. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 67 above.

95. This is an action for discrimination and harassment because of race and national origin under Section 1981.

96.  Plaintiff ADAMS is a Black woman.

97. Defendant's RAMIREZ yelled at and berated Plaintiff ADAMS because she was a Black woman.

98. At all times relevant, Defendant's RAMIREZ treated Plaintiff ADAMS differently because her race.

99. Defendant's RAMIREZ reduced Plaintiff ADAMS' hours from forty (40) hours per week to sixteen (16) hours per week.

100.      Defendant and Defendant's RAMIREZ subjected Plaintiff ADAMS to a hostile work environment because she is a Black woman.

101.      Defendant constantly enforced a purposefully discriminatory pattern and practice of depriving Black individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

102.      Defendant terminated Black employees at a higher rate than those of Hispanic background.

103.      As a result of Defendant's discrimination in violation of Section 1981, Plaintiff

has been denied the enjoyment of all benefits, privileges, terms, and conditions of

Plaintiff's contractual relationship which provided substantial compensation and benefits,

thereby entitling him to injunctive and equitable monetary relief; and having suffered

such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because

of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

104.      As alleged above, Defendant acted with malice or reckless indifference to the

rights of the Plaintiff and copious other individuals named herein, thereby entitling

Plaintiff to an award of punitive damages.

105.      Defendants violated the above and Plaintiff suffered numerous damages as a

result.

106.      Plaintiff makes a claim against Defendant under all of the applicable paragraphs

of 42 U.S. Code § 1981.

107.      Plaintiff claims Defendant both unlawfully discriminated against Plaintiff and

unlawfully retaliated against Plaintiff in violated of 42 USC 1981.

## AS A SIXTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT UNDER § 1981

108.      Plaintiff realleges and incorporates herein the allegations contained paragraphs 1

through paragraphs 67 above.

109.      Here, Defendant's conduct occurred because of Plaintiff's legally protected

characteristic; and (2) was severe or pervasive enough to make a reasonable person of the

same legally protected class believe that the conditions of employment were altered, and

that the working environment was intimidating, hostile or abusive.

110.     The harassing conduct was directly connected to Plaintiff ADAMS' race.

111.     On more than one occasion, Defendant's RAMIREZ yelled at and berated Plaintiff
ADAMS and other black employees because of their race and national origin.

112.     Defendant delegated Defendant's RAMIREZ the supervisory authority to control
Plaintiff ADAMS' work environment. Defendant abused that ADAMS' by creating a
hostile work environment. A reasonable person subjected to Plaintiff ADAMS' working
environment would believe Defendant's conduct was severe or pervasive enough to have
altered the terms and conditions of employment and render the working environment
intimidating, hostile or abusive.

113.     Defendant's discriminatory conduct was not welcomed by Plaintiff ADAMS.

114.     As a result of the hostile work environment, Plaintiff suffered a "tangible
employment action" defined as a significant change in employment status, failure to
promote, reassignment with significantly different responsibilities, and/or a decision
causing a significant change in benefits.

115.     Defendant failed to exercise reasonable care to prevent racial harassment in the
workplace by failing to establish an explicit policy against harassment in the workplace on
the basis of race, failing to fully communicate the policy to its employees, and/ or failing
to provide a reasonable way for Plaintiffs to make a claim of harassment to higher
management, and failing to take reasonable steps to promptly correct the harassing
behavior raised by Plaintiff.

116.     As a result of Defendant's violations of § 1981, Plaintiff has suffered damages,
including, but not limited to: past and future lost wages, mental pain and suffering;
humiliation; emotional distress; diminishment of career opportunities; harm to business

reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

## AS A SEVENTH CAUSE OF ACTION

## RETALIATION UNDER § 1981

117.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 67 above.

118.     Defendant's RAMIREZ discriminated against Plaintiff ADAMS because she is a black woman.

119.     Plaintiff ADAMS complained to Defendant about  RAMIREZ'S discriminatory conduct based on Plaintiff ADAMS' race.

120.     Defendant reduced Plaintiff ADAMS hours making her a part time employee as a result of her complaints about discrimination.

121.     Shortly after Plaintiff ADAMS' complaints, Defendant's RAMIREZ significantly reduced Plaintiff ADAMS' hours.

122.     The retaliatory actions taken against Plaintiff ADAMS would deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

123.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

     **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which she is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

<u>AS AN EIGHTH CAUSE OF ACTION</u>
<u>DISCRIMINATION UNDER TITLE VII</u>

124.    Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 67 of this complaint.

125.    Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

126.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex.

127.    Defendant's RAMIREZ harassed Plaintiff ADAMS based on her gender and her pregnancy.

128.    Defendant treated Plaintiff ADAMS less favorably than similarly situated employees outside the protected class.

129.    Plaintiff ADAMS exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

130.    Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

131.    Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

**AS A NINTH CAUSE OF ACTION**
**RETALIATION UNDER TITLE VII**

132.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 67 above.

133.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

134.    Plaintiff ADAMS is a woman and, as such, a member of a protected class under Title VII.

135.    Plaintiff ADAMS complained to RAMIREZ and Defendant's Human Resource Officer about how RAMIREZ treated he as a result of her complaints of discrimination.

136.    Plaintiff ADAMS complained to RAMIREZ about the comments about the harsh comments and the conduct in retaliation to her complaints to Defendant's Human Resource officer.

137.    Plaintiff engaged in protected activity such as complaining about discrimination based on her gender.

138.    Shortly after Plaintiff ADAMS made her discrimination and retaliation complaints, Defendant terminated Plaintiff ADAMS.

139.    Plaintiff exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

140.    Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A TENTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

141.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 67 above.

142.     The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

143.     Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

144.     The harassing conduct was directly connected to Plaintiff ADAMS gender.

145.     The harassing comments and conduct started immediately after Plaintiff ADAMS put Defendant on notice of her pregnancy.

146.     Plaintiff ADAMS did not welcome Defendant's employees conduct or comments.

147.     Defendant delegated RAMIREZ the supervisory authority to control Plaintiff ADAMS' work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff ADAMS' working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

148.     As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to

business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS AN ELEVENTH CAUSE OF ACTION

## DISCRIMINATION UNDER FCRA

149.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 67 above.

150.    This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

151.    Plaintiff is an individual of woman and is therefore a member of protected classes within the meaning of the applicable law.

152.     At all times relevant, Plaintiff was an employee under the FCRA.

153.     Plaintiff is and was protected against discrimination under the FCRA.

154.     At all times relevant, Plaintiff ADAMS was qualified to do her job and other jobs at Defendant.

155.     At all times relevant, Defendant treated Plaintiff ADAMS differently because of her gender and disability.

156.     Defendant's discrimination against Plaintiff ADAMS was willful or with reckless indifference to his protected rights.

157.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

     **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

          a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

          b. Issue an order prohibiting further retaliation; and

          c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

          d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

### AS A TWELVTH CAUSE OF ACTION

### RETALIATION UNDER FCRA

158.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 67 above.

159.     Defendant took adverse employment actions against Plaintiff ADAMS because she complained about the sex discrimination and hostile work environment; i.e., because she engaged in activities protected by the FCRA.

160.     Defendant significantly reduced Plaintiff ADAMS' hours within two (2) weeks of her formal complaint of gender and disability discrimination and hostile work environment.

161.     These retaliatory actions against Plaintiff ADAMS would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRTEENTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER FCRA

162.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 67 above.

163.     The Florida Civil Rights Act prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

164.     Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

165.     The harassing conduct was directly connected to Plaintiff ADAMS' gender.

166.     Defendant delegated RAMIREZ the supervisory authority to control Plaintiff ADAMS' work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff ADAMS' working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

167.     As a result of Defendant's violations of FCRA, Plaintiff ADAMS has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  Miami, Florida
        December 4, 2019

                        DEREK SMITH LAW GROUP, PLLC
                        Attorneys for Plaintiffs

                        By: /s/*Tiffani Brooks*_____
                            Tiffani-Ruth I. Brooks, Esq.
                            tiffani@dereksmithlaw.com
                            701 Brickell Avenue, Suite 1310
                            Miami, FL 33186
                            (305) 946-1884